In the Matter of the Application of ALTON C. O'HARA and Another, Petitioners, for a Certiorari Order against K. LEONARD HARWOOD, as Supervisor, and WILLIAM H. PAYNE and Others, as Justices of the Peace, and EMMETT ROBERTS, as Town Clerk, Constituting the Town Board and Board of Audit of the Town of Inlet, Hamilton County, New York, Defendants.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

CLARENCE GOFF, Appellant, v. J. MAUDE LEWIS and Others, Defendants; LEONA M. CRISP, Respondent. LEONA M. CRISP, Respondent, v. DANIEL E. TORREY; CLARENCE GOFF, Appellant, and Others, Defendants.— This judgment for costs was taken as a matter of course. Under the conditions which obtain here costs may be granted by the court but not otherwise. · (Civ. Prac. Act, § 1476.) The parties stipulate that the court may consider this matter as though a reargument had been granted. [See ante, p. 706. See, also, 251 App. Div. 919.] Judgment, dated January 2, 1936, wherein Leona M. Crisp recovered a judgment for costs and disbursements, amounting to $96.75, against Clarence Goff, the plaintiff in the action, and which judgment appears in the record on appeal at pages 130 and 131, is reversed, on the law and facts, with costs in this court to the · appellant Goff. Hill, P. J., Rhodes Crapser, Bliss and Heffernan, JJ., concur.

In the Matter of the Claim of EVA GIBBS, Respondent, against JOSEPH J. BALL, INC., Appellant, and GREAT AMERICAN INDEMNITY COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award and decisions of the State Industrial Board noticed on October 9, 1936, and November 21, 1936, and February 25, 1937. Respondent-carrier claims: 1. That the policy of insurance issued did not cover the employer for the operations in which he was engaged at the time of the accident, nor the location wherein the accident occurred. 2. The work in which the claimant was engaged at the time of the accident was in no way incidental to the business carried on by the employer as declared in the policy of insurance. Award reversed, and matter remitted to the State Industrial Board for the purpose of making an award against the employer and insurance carrier, with costs to the employer against the insurance carrier. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.